**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER BRADLEY YOUNG** | § | |
|    **(Bell County # 182224)** | § | |
| | § | |
|    *Plaintiff,* | § | |
| | § | |
| **V.** | § | **NO. 6:23-cv-00162-ADA** |
| | § | |
| **DR. VEGA, et al.** | § | |
| | § | |
|    *Defendants* | § | |

**BELL COUNTY'S**
**MOTION TO DISMISS UNDER RULES 12(b)(4), 12(b)(5) and 12(b)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Bell County, Texas, and make and file this, their Motion to Dismiss Under Rules 12(b)(4), 12(b)(5) and 12(b)(6), *Federal Rules of Civil Procedure*, and in support would show as follows:

## I.      __INTRODUCTION__

Plaintiff Christopher Young is in the Bell County jail awaiting trial on a second-degree felony charge of assault with a deadly weapon and a third-degree felony charge of engaging in organized crime. Plaintiff filed this lawsuit making the vague allegation that at some point while in jail he was injured, specifically his should and arm, and that he has not received medical care. Plaintiff also claims that for two days he was housed without a blanket or mat.

Plaintiff filed this lawsuit *pro se*, naming twenty defendants, both individually and in their official capacity. Of those, twelve of those currently named are or are purportedly Bell County jail staff members. Those staff members are named as Maj. Sowell, Lt. Dallas, Lt. Davis, Sgt.

Alvarado, Sgt. Alonis, Cpl. Leslie, Cpl. Gaines-Myers, Officer Torres, CO Hawkins, CO Waugh, CO Blue and CO Chesslock.

Plaintiff has not provided the full name for any of these defendants in the pleadings or the summons and did not accomplish any form of effective service on them. Thus, the case should be dismissed or service should be quashed under Rule 12(b)(4) and 12(b)(5). Bell County files this motion on its behalf and on behalf of the named jail staffers to point out the deficiency in the attempt at service.

If the Court were to defer ruling on the service issue, the case should be dismissed on the merits. Plaintiff claims that he was injured while in jail, but Plaintiff does not plead any facts to show that the injury was due to any violation of his rights by the County or its jail staff. Plaintiff alleges that he has not received adequate medical care for his injuries. But Plaintiff concedes in his pleadings that he has seen doctors and nurses on various occasions, has received medications, and has been given a course of treatment including stretching and rest. Plaintiff's complaint is that he perceives this treatment as ineffective or inadequate. However, a lay detainee's subjective disagreement with the course or scope of treatment is not a basis for a claim that treatment has been constitutionally deficient. Plaintiff claims that he was temporarily housed without a blanket or a mat. Assuming this is true, there are legitimate reasons (e.g., disciplinary reasons, suicide prevention) that a detainee might be temporarily housed without certain items and, regardless, Plaintiff has not alleged facts to show that his conditions were constitutionally deficient. Finally, Plaintiff has named the defendants in their individual and official capacities. A claim against a governmental official in his or her official capacity is a claim against the official's governmental employer, which for the jail staff in this case is Bell County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (official capacity claim is to be treated as a claim against the governmental entity).

Plaintiff has not alleged that any violation of his rights was caused by any official policy, custom, or practice of the County, which was implemented through deliberate indifference. Thus, the County files this motion for itself and its jail staff seeking dismissal of this case under Rule 12(b)(6).

## II.  <u>MOTION TO DISMISS</u>

### A.  MOTION TO DISMISS FOR DEFECTIVE SERVICE

#### *1.    Standards Under Rule 12(b)(4) and (b)(5)*

Courts have analyzed defective attempts at service under both *Federal Rules of Civil Procedure* 12(b)(4) and (b)(5). *E.g., Coleman v. Carrington Mortg. Servs.*, No. 4:19-CV-00231-ALM-CAN, 2021 U.S. Dist. LEXIS 83191, at *11-12 & n.1 (E.D. Tx. 2021) (noting the blurred line between application of 12(b)(4) and (b)(5)); *see also Gartin v. Par Pharm. Comps., Inc*., 289 F. App'x 688, 691 n.3 (5th Cir. 2008) ("In cases like this one, where the alleged defect is that the defendant is misnamed in the summons, the form of process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or under Rule 12(b)(5) on the ground that the wrong party-a party not named in the summons-has been served."). Rule 12(b)(4) provides for the defense of "insufficient" process. *Fed. R. Civ. P.* 12(b)(4). "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." *United States v. Cabelka*, No. 7:16-cv-00126-O-BP, 2017 U.S. Dist. LEXIS 213282, at *4 (N.D. Tex. 2017) (citing 5B Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004)). Among other things, the form of a summons must include the name of the parties and be directed to the defendant. *See Fed. R. Civ. P.* 4(a); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013).

Rule 12(b)(5) generally allows a challenge to the method or manner of service. *Fed. R. Civ. P.* 12(b)(5); *see also Cabelka*, 2017 U.S. Dist. LEXIS 213282, at *4. In assessing a motion under Rule 12(b)(5), a court looks to the applicable rules on service of process to determine the sufficiency of service. *See Quinn v. Miller,* 470 Fed. Appx. 321, 323 (5th Cir. 2012) (unpub.) ("A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process."); *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (evaluating sufficiency of service of process under Rule 4).

Under either Rule 12(b)(4) or (b)(5), the party attempting service of process has the burden of demonstrating its validity when service has been contested. *Carimi v. Royal Carribean Cruise Line, Inc*., 959 F.2d 1344, 1346 (5th Cir. 1992); (citing *Aetna Business Credit Inc. v. Universal Decor and Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981)).

### 2.  *The Attempted Service on Defendants was Defective*

### a.  **The Form of the Attempted Service is Defective**

A summons is to be issued in the name of the defendant and directed to the defendant. *See Fed. R. Civ. P.* 4(a) & (b). The summonses in this case are directed to the defendants by position or rank, such as "Lt." or "Cpl.", or salutation such as "Ms." or "Dr.", followed by a last name. (Doc. #23). None are issued in the full name of a defendant. This is akin to the use of "John Doe" defendants, which is generally not favored. *See Colle v. Brazos Cnty*., 981 F.2d 237, 243 n.20 (5th Cir. 1993); *Robinson v. Gusman*, No. 05-6646 SECTION: "M"(5), 2008 U.S. Dist. LEXIS 9104, at *3-4 (E.D. La. 2008) (naming of "Medical Department" was akin to use of "John Doe"). Use of such designations is allowed only when the plaintiff has diligently sought to ascertain the defendant's actual identity. *See Green v. Doe*, 260 F. App'x 717, 720 (5th Cir. 2007) (unpub.) (discussing use of "John Doe" as placeholder while diligently seeking true identity to amend to

properly name defendant). Plaintiff has not made any showing that he has diligently attempted to use discovery tools or other methods to determine the correct names of the defendants and thus has not shown that use of partial names is proper.

      **b.**    **The Manner of Service was Defective**

Under *Federal Rule* 4(e)(2), service can be made by (A) personal service, (B) delivery to the person's dwelling or usual abode with someone of suitable age or discretion or (C) delivery to an authorized agent. The summonses were delivered to a "Quentin Samuel", who is listed on the summonses as a jail administrator. Thus, the summonses were not delivered to any of the Bell County jail staff defendants personally, ruling out service under Rule 4(e)(2)(A). Plaintiff has not shown that Quentin Samuel is an authorized agent for service for any of the individual defendants and he is in fact not an agent for them, which rules out reliance on Rule 4(e)(2)(C). *Kholkar Vishveshwar Ganpat v. E. Pac. Shipping, PTE. Ltd*., 434 F. Supp. 3d 441, 455(E.D. La. 2020) (because plaintiff has burden to prove sufficient service plaintiff had burden to show recipient was agent for service of process); *Williams v. GTE*, No. 3:00-CV-2380-X, 2001 U.S. Dist. LEXIS 3138, at *5 (N.D. Tex. 2001) (if service is allegedly made on an agent the record must affirmatively show that the recipient is in fact the registered agent). The summonses were issued to "1201 Huey Dr., Belton, Texas, 76513", which is the address for the Bell County Justice Center, which is not the usual abode of any defendant, ruling out reliance on Rule 4(e)(2)(B).

Aside from Rule 4(e)(2), Federal Rule 4(e)(1) allows for service as authorized under state law. Texas law on service of process is set forth in *Tex. R. Civ. P.* 103-107. Absent a court order, Texas law generally allows personal service or service by certified mail. There has been no order issued allowing for substitute service on the County or the individual defendants in the manner

Plaintiff has attempted. As set out above, per the returns of service on file personal service was not achieved on any named defendant. Service by mail has not even been attempted.

To the extent that this case is regarded as being against Bell County, Rule 4(j) allows for service on a local government by service on its chief executive officer or as designated by state law. Quentin Samuel is not Bell County's CEO. *Cf. Tex. Const. Art.* 5, §§ 15, 16, 18 (addressing county judge). And Quentin Samuel is not an agent for service on Bell County per any state statute. *Cf. Tex. Civ. Prac. & Rem. Code* § 17.024 (service on political subdivisions).

Even assuming that a one or more of the defendants has become actually aware of the lawsuit, the summons or the complaint because of the delivery of the summons and complaint to the jail, no defendant has been properly served or has become subject to the jurisdiction of this court. *See Duncan v. Williams,* 3:05-CV-1555-G ECF, 2006 U.S. Dist. LEXIS 175, at *6-7 (N.D. Tex. Jan. 5 2006) (service sent to police department by certified mail, but receipt by named officer by way of interoffice mail insufficient);*see also McGinnis*, 2 F.3d 548, 551 (5th Cir. 1993) (even actual notice of suit does not satisfy adequate service requirements of Rule 4).

Because the attempted service by Plaintiff is does not comply with any of the applicable rules on service, this case should be dismissed. *See Fed. R. Civ. P.* 12(b)(5) (providing for dismissal for insufficient service); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *e.g. Osorio,* 2005 U.S. Dist. LEXIS 3794, at *6-7. Alternatively, the Court should quash the attempted service by Plaintiff and order that no further response by any of the Bell County Defendants is required until proper service is achieved. *See Boateng v. Inter Am. Univ.,* 188 F.R.D. 26, 27 (D. Puerto Rico 1999) (noting option under Rule 12(b)(5) to dismiss or quash).

4857-2343-3828, v. 1

**B.    MOTION TO DISMISS UNDER RULE 12(B)(6)**

*1.    Standard for Motion to Dismiss Under 12(b)(6)*

Under *Federal Rule of Civil Procedure* 12(b)(6), a federal court is authorized to dismiss a complaint that fails "to state a claim upon which relief can be granted."  A court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). A Court need not, however, "accept as true a legal conclusion couched as factual allegation" nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Naked "the-defendant-unlawfully-harmed-me accusations," devoid of factual enhancement, are insufficient to survive a motion to dismiss.  *Id.* (citing *Twombly*, 550 U.S. at 557).

Rather, the plaintiff must plead specific facts to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to" demonstrate that he has a "claim to relief that is **plausible on its face.**" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  The Supreme Court has made clear this plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, . . . ." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

4857-2343-3828, v. 1

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

In reviewing a motion to dismiss filed under Rule 12(b)(6) a trial court is generally constrained to a review of the plaintiff's pleadings. However, the Court can consider other matters, including by taking judicial notice of matter of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (It is "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

**B.     PLAINTIFF HAS NOT ALLEGED A PLAUSIBLE CLAIM AGAINST ANY DEFENDANT**

> ### *1.     Plaintiff's has not Alleged a Plausible Claim that any Defendant Violated his Civil Rights*
>
> > #### a.     Plaintiff has not alleged a plausible claim for his being injured

As a pre-trial detainee, Plaintiff's rights come from the due process clause, but the standards with regard to an attack by other detainees or inmates or injury by staff members are essentially the same as those under the Eighth Amendment. *Wiley v. Blanco*, No. 06-3512 SECTION "A" (2), 2007 U.S. Dist. LEXIS 99445, at *16 (E.D. La. 2007) (citing *Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996)), The United States Supreme Court in *Farmer v. Brennan*, 511 U.S. 825 (1994) set forth the analysis of a claim based on assault by another inmate. Such a claim is analyzed under the Eighth Amendment. *Id.* at 832-34. In *Farmer*, the Court made clear that while the Eight Amendment requires that while jail officials must take reasonable steps to provide for inmate safety, not "every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. So, to establish an Eighth Amendment violation for failure to protect, a prisoner "must show that he is incarcerated under conditions posing a *substantial risk* of *serious harm*" and that prison officials were *deliberately indifferent* to the prisoner's safety. *Id.* at 834.

For there to be a "substantial risk" of serious harm there must be a "strong likelihood" of injury, "rather than a mere possibility," before an official's failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam) (collecting authorities); *see also Grissom v. Patterson,* No. 91-7137, No. 92-7244, 1993 U.S. App. LEXIS 39697, at *11-12 & n.26 (5th Cir. 1993) (unpub.) (requiring a "strong likelihood" of injury). Plaintiff has not alleged any facts to show that he was at any substantial risk, as compared to other detainees, of being assault by other detainees, or that jail staff was deliberately indifferent to any such risk. Moreover, as is true of all of Plaintiff's allegations, Plaintiff has not alleged how any specific individual defendant was involved in or can be held responsible for his being assaulted or injured by another detainee. *Brannan v. City of Mesquite*, No. 3:19-CV-1263-X, 2020 U.S. Dist. LEXIS 234019, at *11 (N.D. Tex. 2020) ("The conduct of each defendant must be assessed individually, even if acting in unison.") (citing *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007)).

Plaintiff pleads that at one point his arm was slammed in a door and references some other incidents where his arm was pulled or bumped. Again, Plaintiff does not provide any factual explanation as to how the majority of the individual defendants were involved in these incidents, let alone that they can be held liable for them. *Cf. Brannan*, 2020 U.S. Dist. LEXIS 234019, at *11. Plaintiff has not alleged any facts to show that the incidents—the door being shut on his arm, or his arm being pulled or bumped--involved intentional application of force, as opposed to an accident. *See Finch v. City of Hereford*, No. 2:19-CV-223-Z-BR, 2023 U.S. Dist. LEXIS 46119, at *3-4 (N.D. Tex. 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015)). Moreover, even assuming for the sake of argument that these incidents did involve the use of intentional force, Plaintiff has not carried his burden to plead the surrounding circumstances to show that such a use

of force was excessive. *Kingsley*, 576 U.S. at 397 (reasonableness of force against a pre-trial detainee depends on surrounding facts and circumstances). In fact, Plaintiff's more definite statement reveal that any use of force was justified. Plaintiff complains that Ofc. Chesslock pushed him on his injured shoulder and had the cell door shut on his arm, but Plaintiff admits that he was coming out of his cell and in fact told Chesslock he was coming out. Plaintiff is a pretrial detainee awaiting trial on two felony counts, including for aggravated assault. He does not get to unilaterally dictate when he is going to exit his cell. Similarly, plaintiff complains that he told Cpl. Leslie to cuff him in front rather than in back, but that Leslie cuffed him in back anyway. Plaintiff claims this hurt his shoulder, but by Plaintiff's own description he cannot lift his shoulder. He has not alleged that he ever complained to medial about simply putting his hands behind his back. Plaintiff claims that Officer Hawkins and another officer pulled his arms while he was being escorted. It would be common for officers to maintain some hold and control over a detainee being transported and Plaintiff has not alleged any facts to show that any pulling was excessive or caused him compensable injury.

Additionally, "[n]ot every injury by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Rather, the injury must be "sufficiently serious" such that it works to deprive the inmate of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (must be sufficiently serious); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) ("serious injury" is "a condition of urgency, one that may produce death, degeneration, or extreme pain"); *see also Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002) (finding Eighth Amendment violation where "more than de minimis injury results[]."")). Plaintiff has alleged a shoulder joint injury and that his arm was shut in a door, but has not alleged

that either injury is so serious as to deprive him of the minimal civilized measure of life's necessities. *Cf. Moody v. Pickles*, 2006 U.S. Dist. LEXIS 69148, at *21-23 (N.D.N.Y. 2006) (noting cases have held that ligament type injuries do not constitute "serious" injury).

### b.    Plaintiff has not alleged a plausible claim for relief for inadequate medical care

Plaintiff alleges that he not received proper medical care for his shoulder. Plaintiff is a pre-trial detainee at the time of events he alleges in his pleadings and consequently his right to medical care comes from the Due Process Clause. *See Gray v. Brazoria Cnty.*, No. 3:16-CV-109, 2017 U.S. Dist. LEXIS 25225, at *8-9 (S.D. Tex. 2017) (citing *Hare v. City of Corinth, Miss*., 74 F.3d 633, 650 (5th Cir. 1996) (*Hare* II) (en banc)). Accordingly, Plaintiff must prove (1) "objective exposure to a substantial risk of serious harm," and then that (2) "officials acted or failed to act with deliberate indifference to that risk." *Id.* at *9 (*quoting Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) and citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Jerry Baker v. Lt. Dallas, et al*. No. W-21-CA-064-ADA, at 12 (W.D. Tex. January 20, 2022) (Albright, J.) (discussing standards for episodic incident claim).

A serious medical need is one for which treatment has been recommended or the need is so apparent that even a lay person would recognize that care is required. *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). Not every medical issue or injury to an inmate is a serious medical issue. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The assessment of whether an inmate has a serious medical need is an individualized assessment. *See Hopper v. Gardner*, No. 4:20-CV-1208-P, 2022 U.S. Dist. LEXIS 42434, at *8-10 (N.D. Tex. 2022). Plaintiff's allegation is that he has a lingering problem with his shoulder. But even a torn rotator cuff is not necessarily a serious medical need triggering due process rights to medical care. *See Robichaux v. Lafourche Par. Det.*

11 of 16

*Ctr.*, No. 17-5680 SECTION "A"(2), 2017 U.S. Dist. LEXIS 189804, at *29-30 (E.D. La. 2017) (discussing conditions, including shoulder injury, that constitute serious need).

Further, Plaintiff has not alleged facts to show that any of the jail staff members that he has named as a defendant responded to any serious medical need of Plaintiff with deliberate indifference. The deliberate indifference standard is an "extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). An official's behavior must rise to the level of "egregious intentional conduct . . . to satisfy the exacting deliberate indifference standard." *Id.* at 351. "Only the unnecessary and wanton infliction of pain" creates such a violation. *See Farmer*, 511 U.S. at 834. To show deliberate indifference, a plaintiff must show that an officer of the governmental entity had actual knowledge of a substantial risk of harm to the plaintiff and that the officer chose to disregard that risk. *Gobert*, 463 F.3d 351. Plaintiff does not allege facts to show that any of the jail staff defendants was subjectively aware of the need for medical care but deliberately disregarded that need.

To the contrary, Plaintiff acknowledges he has received medical care. His complaint is with the course or nature of the care. In his original complaint, Plaintiff acknowledges that he has seen medical staff, received diagnoses, and was prescribed stretches and pain medications. (Doc.#1, p.9, ¶V "Injuries). In his statement in support of his complaint, (doc.#1-1, p.1), Plaintiff alleges that he recently saw the doctor about his shoulder. Plaintiff admits in his statement that his shoulder was evaluated, including by x-ray. Id. at p.2. Plaintiff clarifies in his response to the order for more definite statement that he is upset because he has not received an MRI and has not received what, in his opinion, is sufficient pain management. (Doc.#6,p.3, 32). The decisions of whether to provide certain forms of treatment and the specifics of the course of treatment generally are classic examples of medical judgment that will not support a due process claim by a detainee. *Gibson v.*

*Collier*, 920 F.3d 212, 220 (5th Cir. 2019) (mere disagreement with course of medical treatment does not support deliberate indifference); *see also Gobert*, 463 F.3d at 346-47.

### c.    Plaintiff has not alleged a plausible claim for the conditions of his confinement

Plaintiff alleges that at times he was housed, temporarily, in a cell without a blanket or a mat, and that at times he was not given a bottom bunk even though, for reasons that are not explained in his pleadings, Plaintiff believes that would be helpful to his shoulder. As a pretrial detainee, Plaintiff has a due process right not to be subjected to conditions that are imposed for the purpose of punishment. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). It is Plaintiff's burden to show that the conditions he complains of have been imposed for a punitive purpose and that they have resulted in "serious deficiencies" in providing for his "basic human needs." *Shepherd v. Dallas Cnty*, 591 F.3d 445, 454 (5th Cir. 2009). The imposition of restrictive conditions for a nonpunitive administrative reason does not violate due process rights. *Mason v. Klevenhagen*, 37 F.3d 632 (5th Cir. 1994).

Plaintiff does not plead any facts or circumstances to show he can carry his burden to show that the conditions he references are punitive, rather than due to legitimate penological issues. Any number of issues could justify not providing a blanket or a mat, including misuse or destruction of those items or suicide risks. Plaintiff's pleading even hints at the concerns that led to his alleged housing, as he references that he was put in a violent cell (Doc. #1-1, p.2). And, aside from the fact that Plaintiff's pleadings do not show why a bottom bunk truly necessary, Plaintiff's pleadings seem to acknowledge that the jail did not always have one available. The jail must house detainees based on a number of factors, not just Plaintiff's claimed need for a bottom bunk. *Cf. Hamilton v. Lyons*, 74 F.3d 99, 105 (5th Cir. 1996) (a punitive purpose may be inferred where the conditions are not reasonably related to a legitimate governmental interest). Overall, Plaintiff has not pleaded

13 of 16

facts to show that any conditions under which he was housed were so deficient that they deprived him of basic human needs.

### 2.     *The Bell County Defendants are Entitled to Qualified Immunity*

Although qualified immunity is an affirmative defense, "plaintiff has the burden to negate the assertion of . . . immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009). Qualified immunity involves a two-step analysis. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). Under the first step, a court assesses whether the facts alleged by the plaintiff demonstrate a violation of a clearly established constitutional right. As set out above, Plaintiff has not alleged facts to support a finding of any violation by any of the Bell County Defendants of Plaintiff's rights.

Under the second step of the analysis, a court assesses whether the defendant's conduct was objectively reasonable in light of the established right. *Fletcher*, 718 F.3d at 502. This standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). (internal quotations marks omitted). As set out above, Plaintiff has not alleged any facts at all as to many of the individual jail staff defendants and for the few that are specifically add4ressed in his pleadings, Plaintiff has not shown how any act or omission by them violated any of his civil rights. *A fortiori*, Plaintiff has not alleged facts to show that any individual defendant engaged in any conduct that was so unreasonable in light of clearly established law that such defendant could be found to have acted with plain incompetence or in knowing violation of the law.

### 3.     *Plaintiff has not Alleged a Basis for Liability Against Bell County*

Plaintiff has sued the individual jail staffers in their official capacity, which is to be treated as a claim against the County itself. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). A

governmental entity like a county can be held liable under Section 1983 "when, and only when" (1) its official policies, or a custom or practice, (2) implemented by a final policy maker, (3) through deliberate difference, (4) is the moving force (5) behind the violation of a plaintiff's rights. *City of Canton*, 489 U.S. at 389; *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986). As set forth above, Plaintiff has not alleged facts to that he has experienced any violation of his civil rights and thus has not alleged a violation of his rights for which any policy, custom or practice of the County could be the moving force. Plaintiff has not alleged facts to support any other aspects of *Monell* liability either. In fact, in responding to the Court's request for a more definite statement, Plaintiff specifically stated the alleged violation of his rights were not due to County policy. (Doc. #6, p.2).

## C.    PLAINTIFF'S CASE SHOULD BE DISMISSED WITH PREJUDICE

A district court can dismiss a case with prejudice, rather than granting leave to amend, when the plaintiff has pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). A plaintiff has pleaded his best case after he is "apprised of the insufficiency" of his complaint and had the opportunity to cure those issues. *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008) (unpublished) (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985) ("[T]he plaintiffs in this case have been apprised of the insufficiency of their conclusory allegations . . . and have been afforded an opportunity to plead [facts to address such insufficiency]").

After Plaintiff filed this lawsuit, this Court reviewed his pleadings and ordered that Plaintiff provide a more definite statement of his claims. This Court requested that Plaintiff's more definite statement address specific issues raised by the Court. Despite these two opportunities to plead his case, and despite guidance from the Court as to the areas that his pleadings needed to address,

Plaintiff has still fallen well short of pleading a plausible claim against the Bell County jail staffers or the County itself. Thus, his case and claims as against Bell County and the jail staff defendants should be dismissed with prejudice.

### III.    CONCLUSION

The foregoing considered, Bell County requests that Plaintiff's claims and case as a whole be dismissed both as to the County and all of the individual jail staff defendants.

Respectfully submitted,

      */s/   Joe Rivera*
Joe Rivera
State Bar No. 24065981
jrivera@namahowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
P. O. Box 1470
Waco, Texas  76703-1470
(254) 755-4100
FAX (254) 754-6331

ATTORNEYS FOR BELL COUNTY, TEXAS

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this motion has been served on Plaintiff via regular mail to his current address on May 17, 2023.

      */s/   Joe Rivera*
Joe Rivera

4857-2343-3828, v. 1