IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER BRADLEY YOUNG** § | | |
| **(Bell County #182224)** § | | |
| § | | |
| V. § | | W-23-CA-162-ADA |
| § | | |
| **DR. VEGA, et al.** § | | |

## ORDER

Before the Court is Plaintiff's letter which includes a motion for reconsideration of the appointment of counsel (#52).

As an initial matter, Plaintiff expresses concern and confusion regarding Defendants' motion to withdraw a motion for summary judgment. On October 30, 2023, Defendant Bell County inadvertently filed their motion for summary judgment with a complete set of exhibits, when some exhibits should have been sealed. Defendant, recognizing the error, filed a motion withdraw so that they could re-submit their filing with certain exhibits under seal. The Court granted their request. The original motion and exhibits were then withdrawn and those filings were sealed so as to preserve Plaintiff's privacy. Defendant then filed the corrected motion for summary judgment and motion to seal and the exhibits were filed under seal in docket number 46.

Plaintiff also expresses concern that his private medical records have been provided to the Court in this suit. However, the disclosure of such records is permitted

1

under HIPAA for use in litigation as part of "health care operations." *See* 45 CFR 164.501.

Plaintiff also appears to claim that he has not received copies of Bell County's motion for summary judgment or the exhibits because they were mailed on a flash drive which was rejected by the jail as contraband. Thus, the Court will order Defendant to re-send the motion and exhibits in paper copies.

Finally, Plaintiff reiterates his request for counsel because he feels that "the Defendants' lawyers are taking advantage of the fact that I know little about the legal system." While the Court understands that Defendant's error requiring the withdrawal and resubmission of certain exhibits was confusing, it was merely a mistake by Defendant which was quickly corrected. Despite Plaintiff's concerns, there is no indication that Defendants are manipulating their actions or attempting to exploit Plaintiff's pro se status and lack of familiarity with the legal system. The Court is "not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 . . . unless the case presents exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). There is no indication thus far that the case is too complex or that Plaintiff is incapable of adequately presenting his arguments. However, because of the issues receiving a copy of the motion for summary judgment, the Court will grant Plaintiff an extension of time to file his responses.

It is therefore **ORDERED** that Defendant Bell County shall mail Plaintiff paper copies of its motion for summary judgment and exhibits by November 17, 2023.

It is further **ORDERED** that Plaintiffs' Motion for Reconsideration of the Appointment of Counsel is **DENIED**.

It is finally **ORDERED** that Plaintiff's responses to Defendants' motions for summary judgment are due on or before **December 29, 2023.**

**SIGNED** on November 15, 2023

 _____
 ALAN D ALBRIGHT
 UNITED STATES DISTRICT JUDGE